FILED

AUG 1 3 2014

U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Cause Number: |
| | ) | |
| v. | ) | **4:14CR246 AGF/NAB** |
| | ) | |
| THOMAS GREGORY ANDERSON, JR., | ) | Counts 1 & 2 |
| JOSEPH CIOLINO NATALE, | ) | Counts 1 & 2 |
| NICHOLAS WILLIAM JOHNSTON, | ) | Counts 1 & 2 |
| MONTANA SALVATORE DODY RUSSO, | ) | Counts 1 & 2 |
| BRYAN NICKLAUS BRANDT, | ) | Counts 1 & 2 |
| TRAVIS SPENCER CHAMP, | ) | Counts 1 & 2 |
| RUSSELL OWEN RIDLEHUBER, | ) | Counts 1 & 2 |
| BRIAN LEE LORD, | ) | Counts 1 & 2 |
| DAVID ALAN DODGE, | ) | Counts 1 & 2 |
| COREY NUSPL, and | ) | Count 1 |
| BRIAN CHRISTOPHER HOUNSOM, | ) | Counts 1 & 2 |
| | ) | |
| Defendants. | ) | |

# INDICTMENT

## COUNT ONE

### CONSPIRACY TO DISTRIBUTE AND POSSESS WITH INTENT TO DISTRIBUTE ONE THOUSAND KILOGRAMS OF MARIJUANA

The Grand Jury charges that:

**A.** Beginning at an exact time unknown to the Grand Jury but including February 12, 2008 and continuing thereafter to the date of this indictment, in the Eastern District of Missouri, the Northern, Eastern and Central Districts of California, the District of Massachusetts and elsewhere, the defendants,

**THOMAS GREGORY ANDERSON, JR., JOSEPH CIOLINO NATALE, NICHOLAS WILLIAM JOHNSTON, MONTANA SALVATORE DODY RUSSO, BRYAN NICKLAUS BRANDT, TRAVIS SPENCER CHAMP, RUSSELL OWEN RIDLEHUBER, BRIAN LEE LORD, DAVID ALAN DODGE, COREY NUSPL AND BRIAN CHRISTOPHER HOUNSOM**

did knowingly and willfully conspire, combine, confederate and agree with each other, and **Thomas Cox, Jaclyn Ann Tebbe, Kimberly Renee Rohlfing** and **Lee Perkins** and other persons known and unknown to this Grand Jury, to commit offenses against the United States, to wit: to distribute and possess with intent to distribute marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1);

With respect to each defendant, the amount of marijuana involved in the conspiracy attributable to each defendant as a result of his own conduct, and the conduct of others reasonably foreseeable to him, is 1000 kilograms, in violation of Title 21, United States Code, Section 841(b)(1)(A)(vii).

### B. MANNER & MEANS OF THE CONSPIRACY

The defendants accomplished and attempted to accomplish the objects of the conspiracy in the following manner and through the following means:

1. It was part of said marijuana trafficking conspiracy that all members of the conspiracy arranged for and/or participated in the transportation of large quantities of marijuana from the Northern, Eastern and Central Districts of California to the Eastern District of Missouri and elsewhere including the District of Massachusetts.

2. It was further part of said drug trafficking conspiracy that the members of the conspiracy transported the marijuana from California to St. Louis and elsewhere, including Boston, via multiple means of conveyance including semi-trucks, private aircraft, commercial shipping and United States Postal Service.

3. It was further part of said drug trafficking conspiracy that some members of the conspiracy including Thomas Anderson Jr., Joseph Natale, Montana Russo, Brian Lord, Kimberly Rohlfing and others concealed large quantities of marijuana inside water heaters, large pieces of antique furniture and fixtures and PODS moving company containers for the purpose of covertly shipping the marijuana from California to the Eastern District of Missouri and elsewhere via commercial shipping companies.

4. It was further part of said drug trafficking conspiracy that members of the conspiracy including Lee Perkins, Travis Champ and David Dodge piloted private aircraft to fly large quantities of marijuana and/or large amounts of currency between California, the Eastern District of Missouri, the District of Massachusetts and elsewhere.

5. It was further part of said drug trafficking conspiracy that members of the conspiracy including Thomas Anderson Jr., Travis Champ and Jospeh Natale purchased, or assisted in the purchase of, a twin engine Piper PA-31-325 aircraft for the purpose of transporting large quantities of marijuana and/or large amounts of currency between California, the Eastern District of Missouri, the District of Massachusetts and elsewhere.

6. It was further part of said drug trafficking conspiracy that members of the conspiracy including Thomas Anderson, Jr., Brian Lord, Brian Hounsom and David Dodge participated in the collection of large sums of currency generated by marijuana sales in the Eastern District of Missouri and the District of Massachusetts and transported the currency to other members of the conspiracy in California including Joseph Natale, Montana Russo and Bryan Brandt.

7. It was further part of said drug trafficking conspiracy that members of the conspiracy including Travis Champ, Russell Ridlehuber, Brian Lord, Kim Rohlfing and David

Dodge transported large sums of currency generated by marijuana sales to California.

8. It was further part of said drug trafficking conspiracy that on July 16, 2012, $35,490.00 in marijuana proceeds was seized from Brian Lord at Lambert Airport in the Eastern District of Missouri as he attempted to board a plane to Sacramento, California for delivery of the currency to marijuana suppliers.

9. It was further part of said drug trafficking conspiracy that on November 2, 2013, Travis Champ and Nicholas Johnston attempted to fly $946,900.00 from Boston to California in a private aircraft owned by Thomas Anderson and Joseph Natale.

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

### CONSPIRACY TO LAUNDER THE PROCEEDS OF DRUG TRAFFICKING

The Grand Jury further charges that:

Beginning at an exact time unknown but including February 12, 2008 and continuing thereafter to the date of this indictment, in the Eastern District of Missouri and elsewhere,

**TOMMY GREGORY ANDERSON, JR., JOSEPH CIOLINO NATALE, NICHOLAS WILLIAM JOHNSTON, MONTANA SALVATORE DODY RUSSO, BRYAN NICKLAUS BRYANT, TRAVIS SPENCER CHAMP, RUSSEL OWEN RIDLEHUBER, BRIAN LEE LORD, DAVID ALAN DODGE, AND BRIAN CHRISTOPHER HOUNSOM**

did knowingly and willfully conspire, combine, confederate and agree with each other and **Kimberly Renee Rohlfing** and **Lee Perkins**, to commit offenses against the United States, to wit: (a) to knowingly conduct and attempt to conduct financial transactions affecting interstate commerce, to wit: the interstate transfer of U.S. currency; (b) which in fact involved the proceeds of a specified unlawful activity, to wit: the conspiracy to distribute and possess with the intent to distribute marijuana in violation of Title 21, United States Code, Sections 846 and 841(a)(1) as

described in Count I; and (c) with the intent to promote the carrying on of specified unlawful activity and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity. While conspiring to conduct said financial transactions, the defendants, **Tommy Gregory Anderson, Jr., Joseph Ciolino Natale, Montana Salvatore Dody Russo, Bryan Nicklaus Bryant, Travis Spencer Champ, Russell Owen Ridlehuber, Brian Lee Lord, David Alan Dodge, and Brian Christopher Hounsom**, knew that the funds involved in the financial transactions represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 1956(h).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 21, United States Code, Sections 853, upon conviction of an offense in violation of Title 21, United States Code, Sections 841(a)(1) and 846 as set forth in Count One, the defendants shall forfeit to the United States of America any property, constituting or derived from any proceeds obtained, directly or indirectly, as the result of such violations and any property used or intended to be used, in any manner or part to commit or to facilitate the commission of such violations.

2. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said offense.

3. Pursuant to Title 18, United States Code, Sections 982(a), upon conviction of an offense in violation of Title 18, United States Code, Section 1956, as set forth in Count Two, the defendants shall forfeit to the United States of America any property, real or personal, involved in

such offenses, or any property traceable to such property.

4. Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, involved in such offenses, or any property traceable to such offenses.

5. The specific property to be forfeited includes, but is not limited to, the following:

| Asset | Seized From | Seizure date |
|---|---|---|
| A) $35,490.00 U.S. Currency | Lord, Brian Lee | July 16, 2012 |
| B) $64,090.00 U.S. Currency | Anderson Jr., Thomas | November 14, 2012 |
| C) $4,888.00 U.S. Currency | Anderson Jr., Thomas | November 14, 2012 |
| D) Assorted Firearms & Magazines:<br>(1) Glock 17 Pistol $<br>    Serial Number: TKF179<br>(2) 1 Glock 17 Magazine<br>(3) Glock 17 Pistol<br>    Serial Number: TKF177<br>(4) 1 Glock 17 Magazine<br>(5) Tapco USA Rifle $<br>    Serial Number: 1964FG3322<br>(6) Sig Sauer 556 Rifle<br>    Serial Number: JS040243<br>(7) 5 Sig Sauer 556 Rifle Magazines | Anderson Jr., Thomas | November 14, 2012 |
| E) Glock 23 Pistol and Magazine | Anderson Jr., Thomas | November 14, 2012 |
| F) $4,720.00 U.S. Currency | Unidentified – related to Anderson & Hounsom | January 14, 2013 |
| G) $6,420.00 U.S. Currency | Pyszka, Christopher | March 10, 2013 |
| H) $12,380.00 U.S. Currency | Pyszka, Chrystal & Christopher | March 10, 2013 |
| I) $27,000.00 U.S. Currency | Dodge, David Alan | March 14, 2013 |
| J) $28,830.00 U.S. Currency | Janssen, Adam Lee | June 8, 2013 |
| K) $12,500.00 U.S. Currency | Limpert, Matthew Edison | June 8, 2013 |
| L) $80,000.00 U.S. Currency | "Unidentified" – related to Kyle Kienstra | September 24, 2013 |
| M) $19,020.00 U.S. Currency | "Unidentified" – related to Kyle Kienstra | September 25, 2013 |
| N) $4,750.00 U.S. Currency | Hensler, Scott Anthony | September 25, 2013 |
| O) Assorted Weapons:<br>(1) Sig Sauer P226<br>    Serial Number: UU781451<br>(2) Mossberg 12 Gauge Shotgun<br>    Serial Number: U065413<br>(3) FN Herstal Scar 17S Rifle<br>    Serial Number: HC29343 | Hensler, Scott Anthony | September 25, 2013 |
| P) 2007 Cadillac Escalade, | Kienstra, Kyle | September 25, 2013 |

| | | |
|---|---|---|
| VIN:1GYEC63847R405828 | | |
| Q) 2007 Chevrolet Silverado<br>VIN: 3GCEK13M07G522430 | Hensler, Scott | September 25, 2013 |
| R) $946,900.00 U.S. Currency | Champ, Travis<br>Hill, Neel<br>Valencia, Michael<br>Anderson, Thomas<br>Johnston, Nicholas<br>Natale, Joseph | November 2, 2013 |
| S) 1977 Piper PA-31-325 jet | Champ, Travis;<br>Natale, Joseph | November 2, 2013 |
| T) $9,720.00 U.S. Currency | Lutz, Derek Joshua | March 25, 2014 |
| U) 2006 Chrysler 300<br>VIN: 2C3KA63H96H455349 | Collins, Clifford Calvin | April 1, 2014 |
| V) 2007 Cadillac Escalade<br>VIN: 1GYEC63827R279677 | Collins, Chad Clifton | April 1, 2014 |

6.    If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL.


_____
FOREPERSON

RICHARD G. CALLAHAN
United States Attorney


_____
JOHN T DAVIS, #40915
Assistant United States Attorney