# C A P E S ● S O K O L ● G O O D M A N ● S A R A C H A N ● P C

### ATTORNEYS AT LAW

Pierre Laclede Center
7701 Forsyth Boulevard
Twelfth Floor
St. Louis, Missouri 63105-1818
Phone 314-721-7701
Fax 314-721-0554
www.capessokol.com

Arthur S. Margulis
William S. Margulis
Justin K. Gelfand

May 19, 2015

**BY EMAIL**
Assistant U.S. Attorney John Davis
John.Davis5@usdoj.gov

> RE: *United States v. Thomas Gregory Anderson, Jr.*
> <u>Government's Plea Offer and Subpoena to Testify at May 26, 2015 Hearing</u>

Dear Mr. Davis:

We are in receipt of the Government's plea offer ("plea offer") dated May 15, 2015 in the *United States v. Anderson* matter. As per the plea offer, the Government would require Anderson to sign an appellate waiver regarding consideration of the matters presently before the Court in our pending motion to dismiss. As you are aware, the issues Anderson has raised include allegations of prosecutorial misconduct and allegations of ineffective assistance of counsel. The plea offer contains an expiration date of May 21, 2015, which is five days *before* the evidentiary hearing on the Government's pending motion for inquiry and Anderson's pending motion to dismiss.

As an initial matter, we consider the plea offer unethical on its face. As the Advisory Committee of the Supreme Court of Missouri explained in no uncertain terms, "It is *not permissible* for defense counsel to advise the defendant regarding waiver of claims of ineffective assistance of counsel by defense counsel." *See* Advisory Committee of the Supreme Court of Missouri Formal Opinion 126, "Waiver of Post-Conviction Relief," May 19, 2009 (emphasis added). The Committee determined such advice creates a conflict of interest for defense counsel and that "this conflict is not waivable." *Id.* Perhaps more importantly, the Committee went on to explain, "We believe that it is *inconsistent with the prosecutor's duties* as a minister of justice and the duty to refrain from conduct prejudicial to the administration of justice *for a prosecutor to seek a waiver of post-conviction rights based on ineffective assistance of counsel or prosecutorial misconduct*." *Id.* (emphasis added). Formal Opinion 126 is enclosed for your ready reference.

In addition to violating the Missouri Rules of Professional Conduct, the plea offer also violates the U.S. Department of Justice's written policy. *See* U.S. Department of Justice Department Policy on Waiver of Claims of Ineffective Assistance of Counsel, Memorandum for All Federal Prosecutors (October 14, 2014) ("Federal prosecutors should no longer seek in plea

   


EXHIBIT
D

agreements to have a defendant waive claims of ineffective assistance of counsel whether those claims are made on collateral attack or, when permitted by circuit law, made on direct appeal"). The Cole Memorandum is also enclosed for your ready reference.

Furthermore, the Government's position that Anderson must accept the pending plea offer by May 21, 2015, after which "the government will begin to prepare the matter for trial and not revisit a negotiated plea" is completely inconsistent with the Government's position in its Motion for Inquiry pending before the Court. In that motion, the Government raised the precise issues the plea offer requires Anderson to waive (*i.e.* allegations of ineffective assistance of counsel) and represented that "a determination by the Court of whether any prejudice exists and if so, the remedy therefore, is *necessary before the case may proceed to conclusion.*" Motion for Inquiry, Pg. 1 (emphasis added). Thus, the Government has represented to the Court that a determination of prejudice and possible remedies "is necessary before the case may proceed to conclusion" while simultaneously attempting to conclude this case with a plea offer that must be accepted before the date of the evidentiary hearing on the Government's Motion for Inquiry.

As it stands, the timing and substance of this plea offer causes us great concern. The plea offer was extended hours after Anderson raised allegations of prosecutorial misconduct and ineffective assistance of counsel with the Court and the plea offer threatens Anderson with the possibility of life imprisonment if he does not abandon his Constitutional right to raise prosecutorial misconduct and ineffective assistance of counsel pursuant to the Fifth and Sixth Amendments. In its simplest terms, the plea offer purports to require Anderson to choose between (a) pursuing remedies for violations of his Constitutional rights by his previous counsel and by the Government, or (b) the possibility of life imprisonment if he does not abandon his Constitutional claims. That the Government would condition a plea offer in that way is troublesome.

Based on recent developments, we consider you to be a fact witness for purposes of Anderson's pending motion to dismiss and the Government's pending motion for inquiry. Among other reasons, you have personally and without any other participants conducted critical telephonic interviews of key individuals in this case including attorneys N. Scott Rosenblum, Marc Johnson, and Burt Shostak. Additionally, the Government has injected the notion of what various Assistant United States Attorneys knew at critical stages of this investigation and prosecution, and inquiry into those facts has become important. As such, enclosed please find a subpoena compelling your testimony at the May 26, 2015 hearing.

To the extent necessary, please consider this letter Anderson's compliance with the applicable Touhy Regulations, 28 C.F.R. § 16.21-16.26, to the extent the Touhy Regulations are applicable. The defense takes the position that the U.S. Department of Justice's Touhy Regulations are not applicable in this case based on persuasive legal authority finding that the Touhy Regulations do not apply in federal criminal cases and based on Anderson's Constitutional right to subpoena witnesses on his behalf in a federal criminal case. *See, e.g., Alexander v. FBI*, 186 F.R.D. 66, 70 (D.C. Cir. 1998) (Touhy Regulations do not apply to cases

agreements to have a defendant waive claims of ineffective assistance of counsel whether those claims are made on collateral attack or, when permitted by circuit law, made on direct appeal"). The Cole Memorandum is also enclosed for your ready reference.

Furthermore, the Government's position that Anderson must accept the pending plea offer by May 21, 2015, after which "the government will begin to prepare the matter for trial and not revisit a negotiated plea" is completely inconsistent with the Government's position in its Motion for Inquiry pending before the Court. In that motion, the Government raised the precise issues the plea offer requires Anderson to waive (*i.e.* allegations of ineffective assistance of counsel) and represented that "a determination by the Court of whether any prejudice exists and if so, the remedy therefore, is *necessary before the case may proceed to conclusion.*" Motion for Inquiry, Pg. 1 (emphasis added). Thus, the Government has represented to the Court that a determination of prejudice and possible remedies "is necessary before the case may proceed to conclusion" while simultaneously attempting to conclude this case with a plea offer that must be accepted before the date of the evidentiary hearing on the Government's Motion for Inquiry.

As it stands, the timing and substance of this plea offer causes us great concern. The plea offer was extended hours after Anderson raised allegations of prosecutorial misconduct and ineffective assistance of counsel with the Court and the plea offer threatens Anderson with the possibility of life imprisonment if he does not abandon his Constitutional right to raise prosecutorial misconduct and ineffective assistance of counsel pursuant to the Fifth and Sixth Amendments. In its simplest terms, the plea offer purports to require Anderson to choose between (a) pursuing remedies for violations of his Constitutional rights by his previous counsel and by the Government, or (b) the possibility of life imprisonment if he does not abandon his Constitutional claims. That the Government would condition a plea offer in that way is troublesome.

Based on recent developments, we consider you to be a fact witness for purposes of Anderson's pending motion to dismiss and the Government's pending motion for inquiry. Among other reasons, you have personally and without any other participants conducted critical telephonic interviews of key individuals in this case including attorneys N. Scott Rosenblum, Marc Johnson, and Burt Shostak. Additionally, the Government has injected the notion of what various Assistant United States Attorneys knew at critical stages of this investigation and prosecution, and inquiry into those facts has become important. As such, enclosed please find a subpoena compelling your testimony at the May 26, 2015 hearing.

To the extent necessary, please consider this letter Anderson's compliance with the applicable Touhy Regulations, 28 C.F.R. § 16.21-16.26, to the extent the Touhy Regulations are applicable. The defense takes the position that the U.S. Department of Justice's Touhy Regulations are not applicable in this case based on persuasive legal authority finding that the Touhy Regulations do not apply in federal criminal cases and based on Anderson's Constitutional right to subpoena witnesses on his behalf in a federal criminal case. *See, e.g., Alexander v. FBI*, 186 F.R.D. 66, 70 (D.C. Cir. 1998) (Touhy Regulations do not apply to cases

in which the United States is a party).  Nevertheless, Anderson is complying with any such applicable Touhy Regulations so as to avoid any issues.  In particular, please consider this letter notice that we anticipate your testimony will include your personal knowledge of the federal investigation(s) giving rise to the pending indictment and your knowledge of events referenced in the pleadings filed with respect to Anderson's motion to dismiss and the Government's motion for inquiry.  If applicable, this satisfies the summary requirement imposed by the Touhy Regulations.

In sum, our position is this: (1) the plea offer is unethical because it violates Missouri Rules of Professional Conduct 4-1.7, 4-3.8 and 4-8.4 as explained in Formal Opinion 126 by the Advisory Committee of the Supreme Court of Missouri; (2) the plea offer is inconsistent with the U.S. Department of Justice's written policy as set out in the October 14, 2014 Cole Memorandum to all federal prosecutors; (3) we intend to call you as a fact witness at the May 26, 2015 hearing and have enclosed a subpoena; and (4) we consider this letter compliance with any applicable Touhy Regulations notwithstanding our contention that the Touhy Regulations do not apply under the circumstances.

Respectfully,


/s/ Arthur S. Margulis                 /s/ William S. Margulis               /s/Justin K. Gelfand
Arthur S. Margulis                     William S. Margulis                   Justin K. Gelfand


Enclosures:
1. Formal Opinion 126, Advisory Committee of the Supreme Court of Missouri
2. U.S. Department of Justice Department Policy on Waiver of Claims of Ineffective Assistance of Counsel, Memorandum for All Federal Prosecutors (October 14, 2014)
3. Subpoena for John Davis