UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:14CR00246AGF (NAB) |
| ) | |
| THOMAS GREGORY ANDERSON, JR., ) | |
| ) | |
| Defendant. ) | |

## ORDER ADOPTING THIRD REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's pretrial motions. All pretrial motions were referred to United States Magistrate Judge Nannette A. Baker under 28 U.S.C. § 636(b). Defendant Thomas Gregory Anderson, Jr. filed a Motion to Suppress Statements (ECF No. 807), Motion to Suppress the Contents of Any Electronic Surveillance (ECF No. 808), Motion for *James* Hearing to Determine Admissibility of Coconspirator Statements (ECF No. 809), Motion to Suppress Evidence Obtained During Unlawful Searches of Residence and Vehicle (ECF No. 810), and Motion to Disqualify the Office of the United States Attorney for the Eastern District of Missouri (ECF No. 811).[1] The United States filed responses to the motions, and Judge Baker held an evidentiary

---

[1] Defendant also filed a Motion for Notice by the Government of Expert Testimony and Motion for Notice by the Government of its Intention to Rely Upon Rule 404(b) Evidence, (ECF Nos. 805 & 806). At the hearing, Defendant agreed that these motions could be reserved for my consideration. The Magistrate Judge therefore entered her order dismissing the motions as premature, and directed Defendant to present the motions to me. Defendant did not file any objection to this Order. I will address both matters in a separate order.

hearing December 15, 2016. The United States presented testimony with respect to the three motions to suppress, and the parties submitted the Motion for *James* Hearing and Motion to Disqualify on their written briefs. On March 27, 2017, Judge Baker issued her Third Report and Recommendation of United States Magistrate Judge (the "Third R&R"), recommending that Defendant's Motion to Suppress Statements be Granted in part and Denied in part, and recommending that Defendant's other motions be denied. (ECF No. 893.) Defendant filed Objections to the Third R&R (ECF No. 895), and the United States filed a Response to the Objections (ECF No. 898).

When a party objects to a Report and Recommendation concerning a motion to suppress in a criminal case, the court is required to "'make a de novo review determination of those portions of the record or specified proposed findings to which objection is made.'" *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)). I conducted a *de novo* review of the motions to suppress, including a review of the testimony and exhibits introduced at the hearing. Based on that review, I conclude that the Magistrate Judge made proper factual findings and correctly analyzed the issues, and I adopt and incorporate the Third R&R.

### A. Motion to Suppress Statements

With respect to the Motion to Suppress Statements, Judge Baker determined that Defendant's statement outside upon the agents' arrival was not in response to interrogation, and should not be suppressed, but that the remaining statements made by Defendant should be suppressed for the following reasons: (i) Defendant's statement that there were firearms in the basement that were his, made while he was essentially detained

in the kitchen, was a custodial statement made prior to any *Miranda* warning; (ii) Defendant's statement made in the basement regarding the currency that was located, was the result of the functional equivalent of express questioning, and was again made prior to any *Miranda* warning, and (iii) Defendant's statement confirming ownership of certain firearms and currency, while made after Defendant had been advised of his *Miranda* rights, was made after he had invoked his right to remain silent.

Neither party objected to Judge Baker's findings and conclusions with respect to the Motion to Suppress Statements, and the time to do so has expired. Following *de novo* review, I adopt and incorporate the findings and conclusions of the Magistrate Judge, and find that Defendant's motion to suppress statements should be granted in part and denied in part for the reasons stated in the Third R&R.

**B. Motions to Suppress Evidence**

1. <u>Search of the Residence and Vehicle</u>

In his objections, Defendant contends that the Magistrate Judge erred in concluding that the evidence obtained during the search of the residence and the vehicle should not be suppressed, asserting that the search warrant was facially invalid and was not supported by probable cause, and that the search of the vehicle was warrantless. Based on a *de novo* review of the record, I find that Defendant's objections are not well-taken.

I agree with the Magistrate Judge that the search warrant was not facially invalid. The search warrant describes the "person or property to be searched" in the top portion, and then invites a description or list of what is believed concealed therein. Here, the typed entry "Attached List" identifies the items believed concealed, and Magistrate Judge

3

Adelman found probable cause to "seize the . . . property," referring to the attached list of items believed to be concealed. This is the most common sense reading of the warrant, and incorporation of the list satisfies the particularity requirement. *See United States v. Riesselman*, 646 F.3d 1072, 1077 (8th Cir. 2011) (holding search warrant that indicated Attachment 1 in the space designated for items to be searched sufficiently incorporated the attachment); *United States v. Hamilton*, 591 F.3d 1017, 1024 (8th Cir. 2010) ("The Warrant Clause's particularity requirement can be satisfied by including the items to be seized in an affidavit or attachment that is adequately referenced in the search warrant."). Defendant's suggestion that the reference to property instead references the place to be searched makes little sense in the context of the warrant overall. Further, the case of *Groh v. Ramirez*, 540 U.S. 551, 124 S. Ct. 1284, 1289 (2004), cited by Defendant, is inapposite, as in that case the warrant had no reference whatsoever of the items to be seized, because the items to be seized were not incorporated into the warrant. Even if the warrant were deemed ambiguous, the officers were entitled to rely on its validity. *Hamilton*, 591 F.3d at 1029 (finding unclear reference to "See Attached Affidavit" was not "'so facially deficient that the executing officers could not reasonably have presumed it to authorize' seizure of the items included in the attached affidavit") (quoting *United States v. Watson*, 498 F.3d 420, 433 (6th Cir. 2007).

Based on a careful review of the warrant and the detailed affidavit submitted in support of the warrant, I also find the warrant was amply supported by probable cause. Defendant's further contention that the agent misled the issuing Magistrate Judge by failing to disclose that CS #1 was represented by the same law firm as Defendant fails

because Defendant has not established that Rosenblum, Schwartz, Rogers & Glass, P.C. ("RSRG") represented Defendant this early in the investigation, or that the agent knew of or had any responsibility to advise the Magistrate Judge of any alleged conflict. Nor does Defendant cite any pertinent case law in support of this theory of suppression.

The search of the vehicle known to be used by Defendant that was parked in the driveway was also lawful. Defendant appears primarily to rely once again on his contention that the warrant was facially invalid, but that argument has already been rejected above. Defendant's further objection, that a search of the vehicle was outside the scope of the warrant, is refuted by the case law cited by the Magistrate Judge that recognizes that a warrant authorizing the search of the premises includes a vehicle parked in the driveway. *See* ECF No. 893, at 20. Additionally, in light of the evidence located inside the residence, Defendant's presence at the residence, and the agents' knowledge that Defendant regularly drove this vehicle, the agents also had probable cause to search the vehicle in the driveway. *See United States v. Roberson*, 439 F.3d 934, 940 (8th Cir. 2006).

2. GPS Warrant and Wiretap

The Magistrate Judge properly rejected Defendant's request to suppress the order for GPS tracking on the ground that Defendant provided no facts or legal argument in support of his motion. Inasmuch as Defendant's objection consists of nothing more than the bald assertion that "there was absolutely no legal basis for that legal mechanism," (ECF No. 895, at 9), the objection with respect to the GPS tracking likewise fails because Defendant has provided no basis for suppression.

Defendant's objection to the wiretap has no merit, as the affidavit in support of the interception meets the necessity requirement of 18 U.S.C. § 2518(1)(c). The statute does not require that agents actually attempt and exhaust all possible investigative techniques; it is sufficient to demonstrate why such investigative procedures "reasonably appear to be unlikely to succeed if tried or to be too dangerous." *Id.* The affidavit in support of the application adequately makes such a showing.

I therefore adopt the Third R&R and overrule Defendant's objections regarding the motion to suppress evidence.

### C. Motion for a *James* Hearing

Defendant also objects to the Magistrate Judge's recommendation that Defendant's motion for a pretrial hearing pursuant to *United States v. James*, 590 F.2d F.2d 575, 577 (5th Cir. 1979) be denied. However, as the Magistrate Judge noted, the Eighth Circuit has not followed *James*. In *United States v. Bell*, 573 F.2d 1040, 1044 (8th Cir.1978), the Eighth Circuit set forth procedures for courts to use with respect to the admission of co-conspirator statements, and those procedures were reaffirmed in *Llach v. United States*, 739 F.2d 1322, 1328-29 (8th Cir. 1984). *See also*, *United States v. Roulette*, 75 F.3d 418, 424-25 (8th Cir. 1996) (recognizing *Bell* procedures have been deemed to be flexible). Based on my review of the record, and the familiarity I have gained with respect to this case from the extensive pretrial proceedings to date, I find that a *James* hearing is unnecessary and that these issues can properly be addressed at trial. In fact, a *James* hearing in this case would embroil the Court and the parties in unnecessary and protracted pretrial proceedings. As such, Defendant's request for a *James* hearing is denied.

### D. Motion to Disqualify

Defendant asserted in his motion that the office of the United States Attorney for the Eastern District of Missouri, or at a minimum, Assistant United States Attorney (AUSA) John Davis and AUSA Stephen Casey, should be disqualified based on the same allegations of misconduct that he asserted in support of his previous motion to dismiss the indictment and motion for reconsideration. Defendant also argued that permitting the same prosecutors who testified at the pretrial hearings to continue prosecuting the case posed an inherent conflict. The Magistrate Judge concluded that disqualification was not warranted on either ground.

Defendant did not object to the Magistrate Judge's findings that no conflict requiring disqualification arose by virtue of the prosecutors' testimony at the evidentiary hearing, and I agree with that conclusion. Defendant does object to the Magistrate Judge's determination that the various allegations of misconduct by the prosecutors do not warrant disqualification. Based on my *de novo* review of the proceedings, I find that Defendant's motion to disqualify is properly denied on this ground as well. These issues were fully discussed in the R&R and Second R&R, and in my two Orders adopting those R&Rs. I did not find any misconduct by the prosecutors in this case even approaching the level of outrageous conduct that might support the dismissal of an indictment. On this record, and for similar reasons, I also cannot find that neither of the prosecutors violated their responsibilities in a manner that would justify their disqualification.

As stated in my prior Orders, the persons in the best position to know of any alleged conflict by Defendant's attorneys were the RSRG attorneys, themselves. But AUSA

Davis should have been aware of the conflict that arose by virtue of RSRG's representation of both Anderson and co-Defendant Corey Nuspl, and brought it to the attending of the parties and the Court. However, AUSA Davis did not engage in this conduct to gain any advantage, the matter was remedied promptly, and the prosecutors in fact gained no benefit or advantage from RSRG's conflict. In addition, AUSA Davis may have initially misstated the date when the decision to separate the investigation into two separate cases was made, but I did not and do not find that he or AUSA Casey intentionally misstated the record in this regard or in any other respect.

Nor does the conduct by the prosecutors with respect to discovery and disclosures suggest any different result. As discussed in my Order Adopting the Second R&R, AUSA Davis had no reason to know that Michael Saracino – a defendant in a different case – had made any statements regarding Anderson, and no obligation to review the voluminous discovery in the Kienstra case to determine if any such statements had been made. The statements by Saracino were not required to be disclosed to Anderson under *Brady*, and there is no evidence that AUSA Davis failed to meet any of his disclosure obligations in this case with respect to Defendant or any of the other defendants in this case.

Nor did AUSA Casey know that the three isolated statements of Saracino upon which Defendant relies had been made. Although AUSA Casey did obtain written summaries of the June 2014 and January 2015 proffers of Saracino that occurred while RSRG represented both defendants, I explained in my Order Adopting the Second R&R why it was somewhat understandable that AUSA Casey did not review these summaries at or near the time he obtained them. Moreover, on this record I cannot say that AUSA

8

Casey abdicated his responsibilities in a manner that could justify disqualification by failing to review all discovery at some earlier point in time. I do not know what portions of the approximately 1000 pages of discovery AUSA Casey personally reviewed before he turned the materials over to the defendants in the Kienstra case, or how much information he received from the agents or other sources about any discovery documents he did not personally review. But Defendant has presented no evidence, whatsoever, that the prosecutors violated any of their disclosure obligations to the Kienstra defendants under Rule 16 of the Federal Rules of Criminal Procedure, *Brady* or *Giglio*.

Given that the investigation started as a single investigation, the prosecutors in the two cases could have been in better communication with one another, and should have been aware of which attorney was representing each defendant and each cooperating witness in both cases, and been more alert to the possibility that information developed in one case might be pertinent to the other. Such awareness and communication might possibly have resulted in earlier discovery of the statements by Saracino, and prompted RSRG to better address any potential conflict between Saracino and Anderson. But neither this failure by the prosecutors nor the other conduct discussed in my two prior Orders warrants a disqualification of the U. S. Attorney's office or the two prosecutors.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the Third Report and Recommendation of United States Magistrate Judge [ECF No. 893] is **SUSTAINED, ADOPTED, AND**

9

**INCORPORATED** herein, and Defendant's Objections to the Third Report and Recommendations [ECF No. 895] are **Overruled**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Statements (ECF No. 807) is **GRANTED in part and DENIED in part**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress the Contents of Any Electronic Surveillance (ECF No. 808) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for *James* Hearing to Determine Admissibility of Coconspirator Statements (ECF No. 809) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Suppress Evidence Obtained During Unlawful Searches of Residence and Vehicle (ECF No. 810) is **DENIED**.

**IT IS FURTHER ORDERED** that Motion to Disqualify the Office of the United States Attorney for the Eastern District of Missouri (ECF No. 811) is **DENIED**.

*[signature]*
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 26th day of June, 2017.