UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:14-CR-246 AGF |
| v. ) | |
| ) | |
| THOMAS ANDERSON, JR., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO THE GOVERNMENT'S MOTION FOR PRELIMINARY ORDER OF FORFEITURE**

Defendant Thomas Anderson, Jr. ("Anderson"), by and through his counsel, Justin K. Gelfand and William S. Margulis and the law firm of Capes, Sokol, Goodman & Sarachan, P.C., respectfully opposes the Government's Motion for Preliminary Order of Forfeiture ("Motion"). (Doc. 1011).

**I.    Background**

On August 13, 2014, a federal grand jury in the Eastern District of Missouri handed down an indictment charging Anderson with: (1) conspiracy to distribute and possess with intent to distribute 1,000 kilograms of marijuana in violation of 21 U.S.C. § 841(b)(1)(A)(vii); and (2) conspiracy to launder the proceeds of drug trafficking in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i) and 1956(h). Anderson pleaded not guilty to both counts and proceeded to trial. On August 2, 2017, a jury returned guilty verdicts on both counts.

The Government's Motion accurately represents that Anderson waived a jury trial regarding the Government's forfeiture allegations and that Anderson acquiesced to the forfeiture of specific property alleged and identified in the Indictment. (Doc. 1011 at ¶ 3). Additionally, the Government correctly denotes the specific property subject to forfeiture as: (a) $64,090.00 in U.S.

Currency; (b) $4,888.00 in U.S. Currency; and (c) miscellaneous firearms and ammunition. (Doc. 1011 at ¶ 4). The Government also correctly acknowledges that several other items of specific property have been forfeited administratively and thus are not at issue in this criminal forfeiture case: (a) $4,720.00 in U.S. Currency; (b) $35,490.00 in U.S. Currency; (c) $946,900.00 in U.S. Currency; and (d) a 1997 Piper PA-31-325 Jet. (Doc. 1011 at ¶ 5).

The dispute before this Court turns on the Government's contention that it is entitled to the additional forfeiture of $5,457,000.00, allegedly representing the "gross proceeds obtained that are no longer available for forfeiture[.]" (Doc. 1011 at ¶ 9). The indictment makes no specific reference to an additional $5,457,000.00, and neither the indictment nor the Government's Motion identifies any specific property for which a money judgment would be appropriate and/or constitute substitute assets.

The Government's Motion should be denied. *First*, the Government has not alleged, let alone proven, that "as a result of any act or omission of the defendant," the Government has been unable to locate or obtain any property derived from Anderson's violations. *See* 21 U.S.C. § 853(p). *Second*, the Government has offered absolutely nothing in support of its contention that "the total gross proceeds obtained by Defendant is equal to approximately $6,600,000.00." (Doc. 1011 at ¶ 9). As such, this Court should deny the Government's Motion.

II.     **Argument**

A person convicted of violating 21 U.S.C. §§ 841 and 846 must forfeit to the United States "property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as a result of such violations," and "any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations[.]" 21 U.S.C. § 853(a). A person convicted of violating 18 U.S.C. § 1956 must forfeit to the United States "any

2

property, real or personal, involved in such offense, or any property traceable to such property." 18 U.S.C. § 982(a)(1). The procedure for forfeiture of property in a criminal case is further governed by Federal Rule of Criminal Procedure 32.2.

For a court to enter a judgment of forfeiture following a finding of guilt, the Government must first have notified the defendant, either through the indictment or the information, of its intent to seek forfeiture as part of any sentence. Fed. R. Crim. P. 32.2(a). The Government may then pursue a forfeiture order by demanding either a money judgment, specific property, or substitute property. Fed. R. Crim. P. 32.2(b)(1)(A) and (b)(2)(A); *United States v. Poulin*, 690 F. Supp. 2d 415, 420 (E.D. Va. 2010), *aff'd,* 461 F. App'x 272 (4th Cir. 2012). When the Government seeks specific property, "the court must determine whether the government has established the requisite nexus between the property and the offense." Fed. R. Crim. P. 32.2(b)(1)(A). When the Government seeks a money judgment, "the court must determine the amount of money that the defendant will be ordered to pay." *Id.* When the Government seeks substitute property, it must establish that, "as a result of any act or omission of the defendant, property subject to forfeiture under Section 853(a) meets one of five conditions." *United States v. Preston*, 123 F. Supp. 3d 108, 116 (D.D.C. 2015) (citing 21 U.S.C. § 853(p)(1)).

Anderson acknowledges that the Government provided notice of its intent to seek forfeiture in that the Indictment contains a Forfeiture Allegation. *See* Doc. 2 at 5-7. The Forfeiture Allegation, however, makes no reference to an additional $5,457,000.00; specifically, the Indictment alleges more than 20 pieces of property including U.S. Currency and, in boilerplate fashion, includes the phrase "but is not limited to." *Id*. at 6. The first time Anderson was made aware of the Government's intent to seek forfeiture of an additional $5,457,000.00 was when the Government filed the Motion pending before this Court. To date, Anderson has no idea what the

3

Government's theory is as to what this amount of money represents.

To be clear, while maintaining his innocence, Anderson does not challenge the Government's claim that—regarding the specific property it seeks—it has established the requisite nexus between the specific property and the offense for the limited purpose of litigating this forfeiture matter. (Doc. 1011 at ¶ 11). Anderson does, however, dispute the Government's allegation that an additional $5,457,000.00 is forfeitable. And, it is unclear from the Government's motion whether the Government is theorizing that this additional $5,457,000.00 is forfeitable as a pure money judgment or as substitute property. (*See* Doc. 1011.)

> A. The Government has not established that, "as a result of any act or omission of the defendant," the Government has been unable to locate or obtain any property derived from Anderson's violations

Section 853(p)—the substitute property provision—only applies if, "as a result of any act or omission of the defendant," the property sought by the Government either: (1) "cannot be located upon the exercise of due diligence;" (2) "has been transferred or sold to, or deposited with, a third party;" (3) "has been placed beyond the jurisdiction of the court;" (4) "has been substantially diminished in value;" or (5) "has been commingled with other property which cannot be divided without difficulty." 21 U.S.C. § 853(p)(1). The Government must prove its entitlement to forfeiture of substitute property by a preponderance of the evidence. *Poulin*, 690 F. Supp. 2d at 422.

In its motion, the Government contends it is entitled to:

> the forfeiture of a sum of money equal to the total value of any proceeds traceable to the offenses to which Defendant was found guilty. *To the extent that* such proceeds have been dissipated or are out of reach of the government, the United States is entitled to the forfeiture of a sum of money from Defendant for proceeds of the offenses that the United States has been unable to locate or identify.
>
> The authority for the forfeiture of substitute property is contained in Title 21, United States Code, Section 853(p)[.]

(Doc. 1011 at ¶¶ 6-7) (emphasis added). The Government then states, "*if* a defendant has spent or

4

otherwise disposed of any of the proceeds of his offense or even *if* he has merely concealed them such that they cannot be readily located, then the United States may forfeit property of the defendant in substitution for the missing property." (Doc. 1011 at ¶ 7) (emphasis added). "If's" are insufficient to establish the basis of criminal forfeiture—and the Government's motion includes no more than "if's." *See id*.

The Government does not allege that, "as a result of any act or omission of" Anderson, the Government has been unable to locate or obtain any property derived from Anderson's alleged violations. Nor does the Government allege, as it must to obtain the relief it is seeking, that one or more of the five conditions enumerated in 21 U.S.C. § 853(p)(1) applies. The Government merely suggests that, "to the extent" that—and "if"—Anderson has disposed of proceeds, the Government is entitled to forfeiture of substitute property. But the Government fails to articulate why it is entitled to forfeiture of substitute property and its request pursuant to Section 853(p) should be outright denied.

> B. The Government fails to support its contention that "the total gross proceeds obtained by Defendant is equal to approximately $6,600,000"

Without explanation, the Government claims the evidence at trial established that Anderson obtained gross proceeds "equal to approximately $6,600,000.00." (Doc. 1011 at ¶ 9). The Government must prove its entitlement to forfeiture by a preponderance of the evidence, but it is entirely unclear how the Government arrived at this figure. *See United States v. Prather*, 456 F. App'x 622, 625 (8th Cir. 2012). Accordingly, this Court should reject the Government's claim.

To be clear, Anderson maintains his innocence and intends to appeal his underlying convictions. However, for the limited purpose of litigating this forfeiture issue, even assuming *arguendo* that the Government proved the sale of marijuana, the evidence did not establish with any certainty whatsoever how much marijuana was sold. Even the jury's finding that the

5

conspiracy involved at least 1,000 kg does not establish the *sale* of that amount (or any amount). Furthermore, witnesses' testimony as to quantity (among other issues) was confusing and contradictory and failed to provide this Court with sufficient evidence regarding quantities involved. Nor was the evidence clear about how much the marijuana was sold for—even assuming *arguendo* that the marijuana was sold. As such, there is simply no way for the Government to prove to this Court that the amount of the proceeds Anderson obtained pursuant to the alleged actions underlying the counts of conviction equaled $6,600,000.00—and the Government's language in its motion implicitly concedes as much. *See* Doc. 1011 at ¶ 9 ("the total gross proceeds obtained by Defendant is equal to *approximately* $6,600,000.00") (emphasis added).  The amount of money to be forfeited is calculated by "multiplying the amount of drugs *the defendant sold* by the price *he charged* for those drugs." *United States v. Crews*, 885 F. Supp. 2d 791, 793 (E.D. Pa. 2012) (citing *Prather*, 456 F. App'x at 625) (emphasis added).  The United States Court of Appeals for the District of Columbia recently read "the statutory language as providing for forfeiture *only* of amounts 'obtained' by the defendant on whom the forfeiture is imposed." *United States v. Cano-Flores*, 796 F.3d 83, 91 (D.C. Cir. 2015) (rejecting joint and several liability theory of forfeiture in federal drug conspiracy case). This Court should determine that the statute, Section 853, means what it says: that a defendant may only be ordered to forfeit property "the person *obtained*" (emphasis added).  And the U.S. Supreme Court reaffirmed this principle this year. *See Honeycutt v. United States*, 137 S. Ct. 1626, 1635 (2017) ("Forfeiture pursuant to § 853(a)(1) is limited to property the defendant himself actually acquired as the result of the crime").

In this case, the analysis is rather simple.  The Government has neither alleged, nor proven, that Anderson *obtained* the gross proceeds of $6,600,000.00, which forms the entire basis for the Government's pending request for a money judgment. Accordingly, this Court should deny the

Government's Motion.

### III. Conclusion

Based on the foregoing, Anderson respectfully requests that this Court deny the Government's Motion for Preliminary Order of Forfeiture.

        Respectfully submitted,

        **Capes, Sokol, Goodman & Sarachan, P.C.**

        */s/ Justin K. Gelfand*
        WILLIAM S. MARGULIS, #37625MO
        JUSTIN K. GELFAND, #62265MO
        7701 Forsyth Blvd., 12th Floor
        St. Louis, MO 63105
        Telephone: 314.721.7701
        Facsimile: 314.721.0554
        wmargulis@capessokol.com
        gelfand@capessokol.com
        ATTORNEYS FOR DEFENDANT

**Certificate of Service**

I hereby certify that I filed the foregoing through the Court's CM/ECF system which will provide notice of filing to all counsel of record.

>*/s/ Justin K. Gelfand*
>WILLIAM S. MARGULIS, #37625MO
>JUSTIN K. GELFAND, #62265MO
>7701 Forsyth Blvd., 12th Floor
>St. Louis, MO 63105
>Telephone: 314.721.7701
>Facsimile: 314.721.0554
>wmargulis@capessokol.com
>gelfand@capessokol.com
>ATTORNEYS FOR DEFENDANT