UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. **4:14-CR-246 AGF/NAB** |
| **v.** ) | |
| ) | |
| **THOMAS ANDERSON, JR.** ) | |
| ) | |
| Defendant. ) | |

**MOTION FOR COURT ORDER COMPELLING AT&T TO DISCLOSE RECORDS**

Defendant Thomas Gregory Anderson, Jr. ("Anderson"), by and through his counsel, Justin K. Gelfand and William Margulis and their law firm, Capes, Sokol, Goodman & Sarachan, P.C., respectfully requests that this Court order AT&T Communications to disclose the following information for telephone number (480) 842-6409, IMEI 013847006639560, and telephone number (831) 582-7847 from July 16, 2014 through September 20, 2014[1]:

- Records containing the location of this device including, but not limited to, geolocation records, GPS records, real-time location records, location data, and/or location information otherwise stored in whatever format available (captured and/or preserved);

- Compulsory process and/or court orders by the United States including any of its departments or agencies pertaining to this device; and

- Text messages and/or recorded conversations in AT&T's possession, custody, or control pertaining to this device.

This motion arises out of Anderson's concerns based on evidence received at pretrial hearings in connection with this device and on representations by the Government. In

---

[1] This corresponds to a single device which had, at different times, two phone numbers.

particular, it is undisputed that the Government elicited testimony from a DEA special agent at a pretrial hearing that the Government had information that Anderson was in Monterey, California and Humboldt County, California, at the time his prior counsel, RSRG, stated Anderson was out of the country: July 2014.  Specifically, the special agent testified Anderson was "spotted in" these California locations.  In response to a discovery request before trial, the Government reported that it was not in possession of any evidence or witness statements that Anderson was, in fact, "spotted in" these California locations and that the special agent who testified to this fact did not remember why he testified the way he had.  Furthermore, Anderson's counsel questioned whether the Government used a cell site simulator in connection with Anderson and the Government disclosed that it had never used a cell site simulator in this case in connection with Anderson.

In its pleadings and throughout this litigation, the Government has represented that it obtained a PLI warrant for GPS data for telephone number (314) 779-8314 on July 17, 2014 (which the Government disclosed to the defense before trial).  The Government claims the DEA obtained "pings" from the (314) 779-8314 phone number placing the device in Monterey, California, in late July 2014.  This raises concerns for Anderson because, based on a receipt recently provided by Anderson to his undersigned counsel (which is attached to this motion), Anderson purchased a new physical phone under account number (831) 582-7847 in Monterey, California on July 16, 2014 (the day before the Government obtained the PLI warrant discussed *supra*).  Anderson's old phone with number (314) 779-8314 was on an entirely different plan from Anderson's new phone with phone number (831) 582-7847.  Anderson claims that he ceased using the (314) 779-8314 device several days before July 16, 2014, and began using the new device on July 16, 2014.  The Government's testimony

related to Anderson's alleged geolocation based on "pings" from the (314) 779-8314 device *after* Anderson stopped using that device and Anderson began using the new device.  Thus, it is Anderson's view that it is impossible the Government geolocated the (314) 779-8314 device in Monterey when the Government claims that occurred.

Anderson's concerns further arise from a recorded telephone call he had with the AT&T subpoena compliance center on May 8, 2015.  (Undersigned counsel was not a party to the call but was made aware of the call after the fact and obtained a recording of the call after the fact.)  During that call, the AT&T representative indicated he saw a government request for (831) 582-7847 records in July 2014 but could not provide further information without a court order.  The Government has maintained throughout this litigation that it never made any requests of AT&T for records pertaining to the (831) 582-7847 account.

As it stands, there is a dispute between the parties as to whether the Government ever obtained geolocation or other records pertaining to the device at issue; the Government maintains it did not and has consistently represented as much to the defense and to the Court, whereas an AT&T subpoena compliance employee in 2015 represented to Anderson that a government request had been made.  Accordingly, Anderson respectfully requests that this Court issue the requested order on AT&T for the very limited time period pertaining to one device so that the *factual* issues underlying broader issues previously litigated in this case may be fully resolved.

In Anderson's view, this information potentially in AT&T's possession, custody, or control is relevant to the issues previously litigated before this Court.  Indeed, if, hypothetically, the Government had obtained geolocation information and had not disclosed it, there is little doubt that would at least be relevant for consideration.  Furthermore, the

3

(831) 582-7847 records pertain to the same device that the Government has in its possession as the phone number apparently changed to (480) 842-6409 on August 12, 2014. The Government obtained this device *from* Anderson's legal counsel and now refuses to make it available to Anderson for review and inspection. (This is the subject of the pending motion to compel regarding the phone itself.) Anderson's prior counsel, RSRG, smuggled the (480) 842-6409 phone into the Warren County Jail in September 2014. That attorney testified in a pretrial proceeding in this case that Anderson put the phone up to his ear, may have spoken to somebody, and that he immediately took possession of the phone. This Court considered this precise testimony in its order denying Anderson's motion to dismiss. Based on records obtained after this testimony, the phone appears to have been used in at least two separate phone conversations from the jail approximately forty minutes apart. Thus, this device has been at least relevant to pretrial proceedings in this case and Anderson respectfully seeks the right to fully vet the records pertaining to this particular device regarding a very short time period.

Accordingly, Anderson respectfully requests that this Court grant this motion and issue Anderson's requested order. Anderson seeks all other and further relief as this Court deems just.

Respectfully submitted,

*/s/ Justin K. Gelfand*
JUSTIN K. GELFAND, #62265
WILLIAM MARGULIS #37625
Attorneys for Defendant Anderson
7701 Forsyth Blvd., 12th Floor
St. Louis, MO 63105
Telephone: (314) 505-5404
Facsimile: (314) 505-5405
gelfand@capessokol.com
wmargulis@capessokol.com

4

**Certificate of Service**

I hereby certify that I filed the foregoing through the Court's CM/ECF system which will provide notice of filing to all counsel of record.

>*/s/ Justin K. Gelfand*
>JUSTIN K. GELFAND, #62265
>WILLIAM MARGULIS #37625
>Attorneys for Defendant Anderson
>7701 Forsyth Blvd., 12th Floor
>St. Louis, MO 63105
>Telephone: (314) 505-5404
>Facsimile: (314) 505-5405
>gelfand@capessokol.com
>wmargulis@capessokol.com