UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:14CR246 AGF (NAB) |
| THOMAS GREGORY ANDERSON, Jr., | ) ) ) |
| Defendants. | ) |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR
COURT ORDER COMPELLING AT&T TO DISCLOSE RECORDS**

Comes now the United States of America by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri and John T Davis, Assistant United States Attorneys for said District, and responds to Defendant's Motion For Court Order Compelling AT&T To Disclose Records ("Motion") (Doc. #1088) as follows:

**INTRODUCTION**

Following a status hearing on November 21, 2017, Defendant Anderson filed a Motion to Compel AT&T to release certain records from between the dates of July 16, 2014 and September 20, 2014 pertaining to Anderson's cellular telephone ("**target phone**") currently in the custody of the U.S. Attorney's Office. As elucidated further herein, the **target phone** was smuggled into the Warren County Jail while he was incarcerated there in 2014. At the time it was smuggled into the Warren County Jail, the **target phone** bore telephone number (480) 842-6490. When originally purchased in 2014, however, the **target phone** bore telephone number (831) 582-7847. The Government only recently learned that the (480) phone and the (831) phone were one in the same, the only difference being the change in telephone number.

1

Defendant Anderson's Motion to compel seeks production of certain records associated with the **target phone** in both of its permutations. Defendant Anderson's Motion should be denied for a number of reasons more fully explained below. Prior to embarking upon its legal analysis, however, the government believes it crucial to provide a timeline of the events preceding the filing of the Motion. This timeline of events clearly and irrefutably establishes that not only does the Motion lack merit, it is both factually and legally frivolous.

## TIMELINE

## 2014

**July 2014**: Sometime shortly before July 16, 2014, Defendant Anderson ceases use of a cellular phone assigned number (314) 779-8314. (Motion, p. 2). This cellular phone is a different device than the **target phone**.

**July 16, 2014**: Anderson purchases the **target phone** in Monterey, California. At the time of purchase, the **target phone** was assigned phone number (831) 582-7847.[1] (Motion, attached exhibit). This date also marks the starting point for the time period for which defendant Anderson now seeks records from AT&T.

**July 17, 2014**: The DEA obtains a Precision Location Warrant (PLW) for Defendant Anderson's phone assigned number (314) 779-8314. (Exhibit 1 (PLW (314) 779-8314)). The PLW was activated, but no information was received due to the suspension of the account. (Exhibit 1 (PLW (314) 779-8314), Return).

**July 18, 2014**: AT&T suspends the account for Anderson's phone assigned number (314) 779-8314 due to nonpayment. (Exhibit 2 (PLW (831) 582-7847), Affidavit p. 7)

---

[1] Area code 831 services a portion of coastal central California including Monterey.

**July 28, 2014**: The DEA obtains a PLW for the **target phone,** at that time bearing number (831) 582-7847. (Exhibit 2 (PLW (831) 582-7847)). The stated reason in in support of the PLW is "to assist investigators in attempting to locate and arrest" Anderson in anticipation of a federal arrest warrant. (Exhibit 2 (PLW (831) 582-7847), Affidavit p. 8)

**July 29, 2014**: Agents activate the PLW for the **target phone**, at that time bearing number (831) 582-7847. (Exhibit 2 (PLW (831) 582-7847), Return).

**July 30, 2014**: DEA Special Agent Brandon Moles testifies before the Grand Jury regarding an unspecified Anderson cellular phone for which the government has an active PLW. (Exhibit 3 (Moles Testimony)). SA Moles testifies: "It appears that he's turning the phone on and off.…we did get a couple of pings yesterday. And he's in the California, Monterey, area right now. So we're trying to locate him before this--" (Exhibit 3 (Moles Testimony), p. 69).

**August 12, 2014**: According to Defendant Anderson, he changes the **target phone's** number from (831) 582-7847 to (480) 842-6409.[2] (Motion, p. 4).

**August 13, 2014**: A duly empaneled Grand Jury sitting in the Eastern District of Missouri returns an Indictment against defendant Anderson and others, charging Conspiracy to Distribute Marijuana and Conspiracy to Commit Money Laundering. (Doc. #1)

**August 13, 2014**: At 1:40 pm, the DEA terminates the PLW on the **target phone**. This marks the last date for which the DEA obtained precision location information for the **target phone**. (Exhibit 2 (PLW (831) 582-7847), Return).

**August 20, 2014**: Attorneys from the law firm Rosenblum, Schwartz, Rogers and Glass (RSRG) enter their appearances on behalf of Defendant Anderson. (Doc. #17).

---

[2] Area code 480 services the northeast region of metro-Phoenix, AZ

3

**August 25, 2014**: Defendant Anderson is arrested upon self-surrender in the Eastern District of Missouri. (See Docket).

**August 27, 2014**: Magistrate Judge Mensah conducts a detention hearing for Defendant Anderson. At the hearing, DEA TFO (at the time) Alex Jenne testifies that DEA had information that Defendant Anderson had been in the Monterey, California area at the time Anderson's attorney represented Anderson was abroad. (Exhibit 4 (Jenne Testimony), p. 33). Jenne does not mention the genesis of that information.

## 2015

**February 25, 2015**: Capes Sokol attorneys Arthur Margulis, William Margulis, and Justin Gelfand, meet with certain individuals at the U.S. Attorney's Office and advise that in September 2014, the **target phone** (at that time assigned number (480) 842-6409) was smuggled into the Warren County Jail by RSRG attorney Marc Johnson.[3] According to Capes Sokol, while the **target phone** was in the Warren County Jail, Defendant Anderson used the **target phone** to orchestrate a marijuana transaction to generate additional funds to pay fees requested by RSRG. (Doc. #303).

At the time of this meeting, neither the government nor Capes Sokol were aware that the **target phone** had previously borne the (831) phone number. As a result, the government was unaware that the **target phone** smuggled into the Warren County Jail was the same phone for which the government had obtained a PLW on July 29, 2014.

**March 23, 2015**: In an effort to confirm or refute assertions made by Capes Sokol regarding a jailhouse narcotics transaction, the government intended to subpoena AT&T to produce toll

---

3 Defendant Anderson retained Capes Sokol after RSRG withdrew from representing him.

4

records, call detail records, incoming/outgoing calls, cell site information and subscriber information for the **target phone**. However, the Government inadvertently subpoenaed records related to the phone number (*408*) 842-6409. (Exhibit 5 (AT&T Subpoena and Response). This mistake was discovered after Defendant's Motion was filed. Although area code 408 services the San Francisco area which is directly adjacent to the 831 area code service area, the **target phone** actually bears area code 480 servicing Phoenix, AZ area.

**March 24, 2015**: AT&T responds to the subpoena request indicating the number (*408*) 842-6409 is not an AT&T phone and therefore no records exist. (Exhibit 5 (AT&T Subpoena and Response)).

**April 20, 2015**: The Government serves attorney Capes Sokol with a subpoena duces tecum for production of the **target phone** assigned number (480) 842-6409. (Exhibit 6 (Capes Sokol Subpoena)). Capes Sokol thereafter complies and provides the **target phone** to the government. The **target phone** is currently in the custody of the U.S. Attorney's Office.

**April 27, 2015**: Magistrate Judge Noce authorizes a search warrant for the contents of the **target phone**. See Case No. 4:15 MJ 114 DDN.

**April 29, 2015**: The Regional Computer Crime Education and Enforcement Group (RCCEEG) issues its report concerning the search of the **target phone** for evidence relevant to voice, text, and photographs created on or occurring on September 12, 2015, the date on which the **target phone** was smuggled into the Warren County Jail. RCCEEG recovered evidence suggesting that the **target phone** was utilized on that date, but they were unable to determine specifically how the **target phone** was used.

**May 8, 2015**: Defendant Anderson contacts AT&T via telephone from the Warren County Jail

5

using the 3-way calling feature on his parents' telephone. (Motion, p. 3) During the conversation, "the AT&T representative indicated that he saw a government request for (831) 582-7847 records in July 2014 but could not provide further information without a court order." (Motion, p.3). Defendant Anderson's Motion claims, "[t]he government has maintained throughout this litigation that it never made any requests of AT&T records pertaining to the (831) 582-7847 account." (Motion, p. 3)

## 2017

**July 10, 2017 at 10:22 pm**: The undersigned receives an e-mail from defense counsel Justin Gelfand requesting the PLW package pertaining to the unspecified phone referenced by SA Moles his Grand Jury testimony on July 30, 2014. (Exhibit 7 (7/11/17 12:24 pm E-mail)).

**July 11, 2017 at 12:24 pm**: In response, the undersigned e-mails the Application, Affidavit, Warrant and Return for the PLW for the phone assigned number (831) 582-7847, which unbeknownst to the government/undersigned at that time, is the **target phone**. The undersigned asserts that the PLW packet was provided prior in discovery. (Exhibit 7 (7/11/17 12:24 pm E-mail)).

**July 11, 2017 at 12:57 pm**: Defense counsel responds to the undersigned's e-mail with a request for the "data received from AT&T as a result of this warrant." Defense counsel also requests the PLW package dated July 17, 2014 for Defendant Anderson's phone assigned number (314) 779-8314 referenced in the affidavit in support of the PLW for (831) 582-7847. (Exhibit 8 (7/11/17 2:34 pm E-Mail).

**July 11, 2017 at 2:34 pm**: In response, the undersigned e-mails to defense counsel the PLW packet for Defendant Anderson's phone assigned the number (314) 779-8314. (Exhibit 8

6

(7/11/17 2:34 pm E-Mail). The exhibit has the incorrect attachment. The correct attachment was provided. Defendant Anderson has not disputed that he received the PLW packet for (314) 779-8314.

**July 11, 2017 at 5:09pm**: The undersigned e-mails to defense counsel the raw geolocation data received from AT&T pursuant to the PLW for phone (831) 582-7847 – the **target phone** that is currently the subject of the Motion. (Exhibit 9 (7/11/17 5:09 E-mail)).

**July 14, 2017**: The undersigned receives an e-mail from defense counsel Justin Gelfand requesting if the government performed any legal process regarding the **target phone** – identified by defense counsel as (480) 842-6409. Unaware that (831) 582-7847 and (480) 842-6409 were assigned to the same device (though clearly Anderson was), the undersigned responds that no process was performed and offers to sit down with defense counsel to resolve the issue. (Exhibit 10 (7/14/17 E-mail)). Defense counsel did not respond to the offer.

**July 24, 2017**: Defendant Anderson's trial begins. None of the data obtained from the PLW's referenced herein are utilized by the Government in its case.

**November 9, 2017**: Defendant Anderson files his *pro se* Motion to Compel asking this Court to compel AT&T to produce certain information and documents related to the **target phone** bearing (at this point) number (480) 842-6409. (Doc. #1074). Defendant Anderson seeks these documents for a time period beginning on August 12, 2014 and concluding on September 20, 2014. This is a 40-day period, only the first 13 days of which the defendant was not incarcerated (having been arrested on August 25, 2014 and incarcerated continuously thereafter until and including today's date). Note that Defendant Anderson's current Motion requests documents and information for a time period beginning July 16, 2014 through September 20, 2014. (Doc.

7

#1088).

**November 21, 2017**: The parties appear before this Court to address a series of motions filed by both Capes Sokol and by defendant Anderson, *pro se*. (Doc. #1086). The Government learns for the first time at this hearing that the (831) phone and the (480) phone are one in the same (and that both are the **target phone**), the only difference being the telephone number assigned to the device. Defense counsel represents to the Government that they too were unaware that the (831) phone and the (480) phone were the same phone.

**November 30, 2017**: Defense counsel files the instant Motion to Compel. (Doc. # 1088). Defense counsel further claims they have never received the PLW or data for the **target phone**.

## ARGUMENT

In his Motion, Defendant Anderson requests that this Court issue an order compelling AT&T to produce three categories of records for **both** (480) 842-6409 and (831) 582-7847 for the time period between July 16, 2014 and September 20, 2014. More specifically, Defendant Anderson seeks:

    1) records containing the location of the target phone including, but not limited to, geolocation records, GPS records, real time location records, location data, and/or location information otherwise stored in whatever format available;

    2) compulsory process and/or court orders by the United States including any of its departments or agencies pertaining to this device; and

    3) text messages and/or recorded conversations in AT&T's possession, custody or control.

Defendant acknowledges in a footnote that both phone numbers "correspond[] to a single device

which had, at different times, two phone numbers." (Motion, p. 1). What Defendant Anderson fails to acknowledge, however, is that he has either already been provided this information, or it does not exist.

As the foregoing timeline irrefutably illustrates, the government sought and received a PLW on the **target phone** during the time it bore the telephone number (831) 582-7847. That order took effect on July 28, 2013 and was terminated on August 13, 2014. Anderson changed the **target phone's** number from (831) 582-7847 to (480) 842-6409 on August 12, 2014, one day prior to termination of the PLI. The PLI package and raw data GPS data related to the **target phone** was provided to Defendant Anderson's counsel prior to trial. Further, according to Defendant Anderson's previously filed *pro se* Motion to Compel, Anderson has already received 33 pages from AT&T of records containing calls made and received (i.e. toll records) on the **target phone** between unspecified dates pursuant to a previous subpoena served on AT&T. (Doc # 1074, p. 4).

Second, Defendant Anderson's Motion is seeking information which, despite Anderson's hope otherwise, does not exist. The forensic testing performed by the RCCEEG failed to discover evidence of any text messages or recorded conversations. RCCEEG did, however, report that the **target phone** had an application installed referred to as "What's App" that allows for communication using an internet connection and not traditional telephone lines. This app may have been utilized to make a voice connection that does not leave any evidence of the number dialed or the nature of the conversation – meaning nothing related to any communications utilizing the app would be in the custody of AT&T. In fact, only Anderson himself knows the details of any purported communications and the method of those communications. Next, the

9

DEA and the U.S. Attorney's Office have conducted a good faith search of its files and found no additional court orders (beyond the search warrant) related to the **target phone** as identified by (480) 842-6409. Indeed, seeking additional orders would be pointless as the PLI's were obtained for the stated purpose of effectuating the arrest of Anderson. Since Anderson was already detained, a PLI on the **target phone** would be of no interest to investigators. But, even if investigators wanted to get process on the **target phone**, no one beyond Anderson knew of the number change until the court appearance on November 21, 2017. Finally, regardless of any process by the government, according to technical support specialists at the DEA and AT&T, the data sought by Defendant Anderson concerning call/text message content, GPS data, and other information related to the **target phone**, save possibly for historical cell tower records, were expunged by AT&T years ago and no longer available. AT&T representatives have explained as much to Anderson during <u>numerous</u> jail calls (including instances where Anderson falsely represents himself as a lawyer at Capes Sokol or a law enforcement officer).

Defendant Anderson's Motion asserts that "the government has maintained throughout this litigation that it never made any requests of AT&T records pertaining to the (831) 582-7847 account." In fact, not only did the government make such a request, that request along with the raw data it received from AT&T pursuant to the request was provided to the defense prior to trial.

Third, Defendant Anderson's motivation for his Motion is not related to any legitimate legal theory or factual investigation. Nor is it related to the extensively litigated pre-trial issues, else it would have certainly been raised in one of the myriad filings or before one of the many hearings on those matters. Instead, the Motion is motivated by the belief, as expressed by

10

Anderson in recorded jail calls, that after attorney Marc Johnson left the Warren County Jail, the **target phone** was delivered to the United States Attorney's Office to, in some way, further the "extortion plot" against Anderson by the RSRG law firm and the undersigned AUSA. Defendant Anderson has <u>repeatedly</u> stated in recorded jail calls that the records from AT&T of the **target phone** are indispensable proof that the government, specifically the undersigned, and even this Court was involved in this extortion plot. A subpoena in a wayward attempt to prove a nonsensical plot is frivolous.

Yet, the Motion fails to serve Defendant Anderson's motivation. Defendant Anderson maintains that the AT&T records are necessary to prove the **target phone** was smuggled into the Warren County Jail and used to make telephone calls. On this, the government and Anderson agree. But, for what purpose these calls were made, the forensic analysis of the phone *and* Anderson do not say. Defendant Anderson further insists that he made these calls to set up a drug transaction at the behest, and with the aid of, of attorneys from RSRG. Again, the forensic search of the **target phone** found no saved/deleted text messages or other evidence of such a deal, nor RSRG's involvement in it. Left unanswered by Defendant Anderson's Motion is how the data requested will show that Anderson arranged for a drug deal, and perpetrated it with RSRG or anyone else. Toll records will not provide any content that could implicate RSRG. GPS data and the like are of no help either, as there is no dispute that RSRG possessed the **target phone** for parts of this timeframe, and GPS data simply shows the location of the device, not that for which it was used.

## CONCLUSION

THEREFORE, the United States respectfully requests the Defendant's Motion to Compel

11

be DENIED.

                              Respectfully submitted,

                              JEFFREY B. JENSEN
                              United States Attorney

                              *s/ John T Davis*
                              John T Davis, #40915MO
                              Assistant United States Attorney
                              111 South 10th Street, 20th Floor
                              St. Louis, MO 63102

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Courts electronic filing system upon all counsel of record.

                              *s/ John T Davis*
                              Assistant United States Attorney