UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:14-CR-246 AGF/NAB |
| v. ) | |
| ) | |
| THOMAS ANDERSON, JR. ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S SENTENCING MEMORANDUM AND
MOTION FOR DOWNWARD VARIANCE**

Defendant Thomas Gregory Anderson, Jr. ("Anderson"), by and through his counsel, Justin K. Gelfand and William Margulis and their law firm, Capes, Sokol, Goodman & Sarachan, P.C., respectfully submits this memorandum to assist this Court in fashioning a sentence that is "sufficient, but not greater than necessary" to achieve the statutory objectives of punishment. 18 U.S.C. § 3553(a). In this case, a sentence of 120 months' imprisonment followed by a term of supervised release is "sufficient, but not greater than necessary[.]" *Id.*

**I.  Background**

Anderson proceeded to trial on a two-count indictment that charged him with: (1) conspiracy to distribute and possess with intent to distribute 1,000 kilograms of marijuana in violation of 21 U.S.C. § 841(b)(1)(A)(vii); and (2) conspiracy to launder the proceeds of drug trafficking in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i) and 1956(h). Anderson was convicted of both counts. (Doc. 1001). Anderson now stands before this Court for sentencing.

**II.  Legal Standard**

Congress has mandated that the sentence imposed in this case be "sufficient, but not greater than necessary" to achieve the objectives of punishment. 18 U.S.C. § 3553(a). The United States

Sentencing Guidelines, while advisory, "are no longer mandatory." *United States v. Ture*, 450 F.3d 352, 356 (8th Cir. 2006); *see also United States v. Booker*, 543 U.S. 220, 224 (2005).

As the Eighth Circuit has established, the methodology this Court should follow post-*Booker* is the following:

> In sentencing a defendant, a district court must first determine the advisory sentencing range as recommended by the Guidelines. . .. Next, the district court should decide if any applicable Guidelines provisions permit a traditional "departure" from the recommended sentencing range. . .. The term "departure" is "a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines" . . .. The calculation of the initial advisory Guidelines range, along with any applicable departures, results in a "final advisory Guidelines sentencing range" . . .. Finally, in determining the actual sentence that should be imposed, a district court must consider whether the factors in 18 U.S.C. § 3553(a) justify a "variance" outside the final advisory Guidelines sentencing range. . .. As opposed to a "departure," a "variance" refers to a "non-Guidelines sentence" based on the factors enumerated in Section 3553(a).

*United States v. Lozoya,* 623 F.3d 624, 625-26 (8th Cir. 2010) (citations omitted).

### III.     Guidelines Computations

The two offenses of which Anderson was convicted are grouped for Sentencing Guidelines calculation purposes. *See* United States Sentencing Guidelines ("USSG") §3D1.2(c). The appropriate Guideline for a violation of 18 U.S.C. § 1956(h) is found in USSG §2S1.1. Pursuant to USSG §2S1.1(a)(1), the base offense level is the offense level for the underlying offense from which the laundered funds were derived. Here, the underlying offense from which the laundered funds were allegedly derived is conspiracy to distribute and possess with intent to distribute 1,000 kilograms of marijuana in violation of 21 U.S.C. § 841, which calls for the application of USSG §2D1.1. Anderson was convicted of conspiring to distribute and possess with intent to distribute 1,000 kilograms of marijuana and, therefore, pursuant to USSG §2D1.1(a)(5) and (c)(5), Anderson's base offense level is 30. Because Anderson was also convicted under 18 U.S.C. § 1956, his offense level is increased by two levels pursuant to USSG §2S1.1(b)(2)(B). Anderson

maintains that no other enhancements apply as set forth in Anderson's objections to the Presentence Investigation Report ("PSR") previously filed with this Court. Thus, Anderson's total offense level should be 32.

The PSR correctly concludes that Anderson's Criminal History Category is I. (Doc. 1071 at ¶ 85). A base offense level of 32 combined with a Criminal History Category of I results in a Sentencing Guidelines range of 121 to 151 months' imprisonment.

A conviction under 21 U.S.C. § 841(b)(1)(A) requires imposition of a sentence of at least 10 years' imprisonment. For the reasons that follow, Anderson respectfully submits that a sentence of 120 months—representing a downward variance—is entirely appropriate in this case.

> A. The PSR Incorrectly Applies Enhancements Which Unjustly Increase the Sentencing Range
>
> 1. *A Firearm Was Not Possessed*

The PSR incorrectly concludes that Anderson possessed a firearm in connection with the crimes of which he was convicted and that, therefore, two levels are added to his offense level pursuant to USSG §2D1.1(b)(1). (Doc. 1071 at ¶ 71).

No evidence was presented at trial that Anderson possessed a firearm and, as a result, this enhancement is not warranted. The only evidence of firearms that was presented at trial concerned firearms that were legally owned and registered—not a single one of which the evidence ever established was *possessed* by Anderson in connection with the counts of conviction so as to allow for justifiable application of this enhancement.

Moreover, the PSR's allegation that Anderson paid someone to transport firearms to Boston (Doc. 1071 at ¶ 36) has absolutely no evidentiary support. Indeed, the PSR does not purport to derive this information from evidence presented at trial but, instead, reaches this determination based solely on what the Government's "investigation determined." (*Id.*). Indeed, even if this Court

3

were persuaded by the PSR's unsupported allegation that Anderson offered to pay someone money to transport firearms, that is flatly insufficient to support a conclusion that Anderson "possessed" firearms. Stated simply, a mere alleged offer of payment for transportation of firearms does not necessarily indicate that Anderson possessed firearms so as to allow for justifiable imposition of this Sentencing Guidelines enhancement. Legally owning a firearm is not a crime. Moreover, the legal ownership of a firearm that is not, in any manner, related to the crimes for which Anderson stands convicted, does not make application of the enhancement included in the PSR applicable.

   2.   *Anderson Did Not Use Violence, Make A Credible Threat to Use Violence, Or Direct the Use of Violence*

The PSR also incorrectly concludes that Anderson used violence, made a credible threat to use violence, or directed the use of violence and that therefore the offense level is increased by two levels pursuant to USSG §2D1.1(b)(2). (Doc. 1071 at ¶ 71).

Again, the PSR does not purport to derive its conclusion from evidence presented at trial. Instead, the PSR concludes that violence or threats of violence was used in connection to the crimes for which Anderson stands convicted exclusively from what the Government's investigation allegedly determined. (Doc. 1071 at ¶ 36). To the extent the testimony of Mitchell Hughes factors into this analysis, that testimony was not credible, was inconsistent with his prior statements and with the testimony of Michael Saracino, and should not give rise to application of this enhancement.

   3.   *Anderson Was Not an Organizer or Leader of a Criminal Activity*

The PSR also mistakenly concludes that Anderson was an organizer or leader of criminal activity and that, therefore, his offense level should be increased by four levels pursuant to USSG §3B1.1(a). (Doc. 1071 at ¶ 74). Once again, the PSR reaches this conclusion based on the Government's investigation, rather than on evidence adduced at trial. (Doc. 1071 at ¶ 37).

4

Contrary to the PSR's assertion that Anderson was an organizer or leader, the testimony of Joseph Natale indicated that he, rather than Anderson, was the organizer or leader of the alleged conspiracy to the extent there was a conspiracy and to the extent there was a leader. Natale claims he grew marijuana, orchestrated the transportation and concealment of marijuana, was paid for marijuana, and coordinated the distribution of marijuana. This Court sentenced Natale to a term of 4 months' imprisonment. (Doc. 1071 at ¶ 8).

Because the above-described enhancements do not apply, Anderson's offense level is 32. When coupled with a Criminal History Category of I, the applicable Sentencing Guidelines range is 121 to 151 months' imprisonment.

**IV.     A Downward Variance is Warranted**

Regardless of the Guidelines computations, a downward variance is warranted.

Because Anderson was convicted under 21 U.S.C. § 841(b)(1)(A), a sentence of at least 10 years (120 months) is required. However, Anderson's Sentencing Guidelines range is 121 to 151 months. Alternatively, notwithstanding Anderson's arguments to the contrary, if this Court is persuaded that application of the above-described enhancements is appropriate, a downward variance to 120 months' imprisonment is nonetheless justified. According to the PSR, Anderson's total offense level is 40 and therefore the Sentencing Guidelines range is 292 to 365 months. (Doc. 1071 at ¶ 113). Based on consideration of the statutory sentencing factors in 18 U.S.C. § 3553(a) and the unique circumstances presented in this case, a sentence of 120 months' imprisonment is warranted in this case regardless of the Sentencing Guidelines computations.

*First*, a sentence of 120 months is significantly longer than the sentence imposed on any other person related in any manner to this case. Moreover, a sentence of 120 months is an extremely long sentence for a marijuana case based on objectively quantifiable national averages

5

published by the United States Sentence Commission. *Second*, although this Court concluded that the conduct of Anderson's prior counsel and this United States Attorney's Office was not egregious enough to warrant dismissal of the charges against Anderson, this Court did acknowledge that Anderson was harmed by the conduct. As such, this Court should take this into consideration when fashioning an appropriate sentence in this case.

      A.      120 Months is Significantly Longer Than Any Related Party's Sentence

18 U.S.C. § 3553(a)(6) states that the Court shall consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]" The PSR lists the sentences imposed for all codefendants and related parties. (Doc. 1071 at ¶¶ 2-31). Jonathan Vehlewald—categorized by the PSR as a "related case"—received the longest sentence of any individual: 97 months' imprisonment to be followed by a term of four years supervised release. (*Id*. at ¶ 25). However, unlike Anderson, Vehlewald was convicted of possession of a firearm in furtherance of a drug trafficking crime in addition to conspiracy to distribute and possess with intent to distribute marijuana. (*Id*.). Kyle Kienstra—also categorized by the PSR as a "related case"—received a sentence of 84 months' imprisonment and three years of supervised release. (*Id*. at ¶ 21). Brian Hounsom—a codefendant—received a sentence of 78 months' imprisonment and five years of supervised release. (*Id*. at ¶ 5). Both Kienstra and Hounsom were convicted of conspiracy to distribute and possess with intent to distribute marijuana. According to the PSR, Hounsom is the second most culpable codefendant behind Anderson—and a sentence of ten years' imprisonment for Anderson would represent a substantially longer sentence than Hounson received (six and a half years). (*Id*. at ¶ 64). Notably, Brian Lord is categorized as equal in culpability with Hounsom (*Id.*), and Lord received a sentence of time served to be followed by a four-year term of supervised release. (*Id*. at ¶ 7). Numerous

codefendants received sentences of probation. (Doc. 1071 at ¶¶ 3, 4, 9, 12, 13, 14, 15, 17, 23). Several individuals involved in related cases were placed into the United States Pretrial Services Office Diversion Program and did not even receive a criminal conviction. (*Id.* at ¶¶ 26-31).

While Anderson is asking that this Court vary downward from the Sentencing Guidelines range, it is important not to lose sight of the fact that Anderson is requesting that this Court sentence him to the longest term of imprisonment of any individual allegedly involved in the crimes for which he was convicted—120 months followed by a term of supervised release. This term of imprisonment would be nearly two full years longer than the next longest sentence imposed, and it is unquestionably "sufficient, but not greater than necessary[.]" 18 U.S.C. § 3553(a). Indeed, many of the individuals which the PSR concludes are "related parties" were sentenced for crimes including the firebombing of an innocent victim's house—something far more egregious by any measure than anything Anderson is even accused of doing.

Moreover, in fashioning a sentence, it is important that this Court avoid unwarranted disparities among similarly situated defendants on a national level. In this regard, it is only fair to acknowledge that many U.S. Attorney's Offices throughout the country are not presently prosecuting marijuana cases and, while still a federal offense, the overwhelming trend is that states are decriminalizing and legalizing marijuana in record numbers. Marijuana is still considered a Schedule I controlled substance under federal law—in company with ecstasy, heroin and LSD; methamphetamine is considered a less severe drug under federal law. Schedule I drugs are defined as drugs with no currently accepted medical use and a high potential for abuse and the scheduling of drugs are reflected within the Sentencing Guidelines computations. In fashioning a sentence under Section 3553(a), this Court should consider the fact that federal law still considers marijuana

7

a drug with no accepted medical use and a high potential for abuse—both premises readily rejected by medical professionals and by state legislatures throughout the country.

Furthermore, according to the United States Sentencing Commission, in 2016, the average sentence for marijuana trafficking offenders was 26 months.[1] Imposing a sentence longer than 10 years' imprisonment for Anderson would cause unwarranted and drastic sentencing disparity between Anderson and his codefendants and other similarly situated individuals. While a minor variation among the codefendants might be appropriate, it would be unjust to give Anderson a sentence of magnitudes greater than his codefendants involved in the same conduct and exponentially greater than the national average.

Also worth noting is the fact that, during the alleged conspiracy, there existed marked tension between state and federal law concerning marijuana. Accordingly, under 18 U.S.C. § 3553(a)(1)—consideration of "the nature and circumstances of the offense"— another justification for a downward variance is apparent. Specifically, because the conspiracy is alleged to have "involved activity in the Eastern District of Missouri; the Northern, Eastern, and Central Districts of California; and the District of Massachusetts" (Doc. 1071 at ¶ 32), and because the laws in these states vary widely with respect to the criminalization of the cultivation and sale of marijuana, Anderson's conduct posed no significant danger to the public and exhibited a lesser degree of lawlessness and culpability than might otherwise be the case in a less ambiguous legal landscape. In this respect, witnesses at trial testified that the marijuana allegedly came from Colorado and California, states where marijuana was legal in certain respects. While Anderson accepts that federal law and Missouri law differs, it is still important to give some consideration to these facts when fashioning a sentence under Section 3553(a).

---

[1] United States Sentencing Commission, Quick Facts, Marijuana Trafficking Offenses, Fiscal Year 2016 (available at: https://www.ussc.gov/sites/default/files/pdf/research-and-publications/quick-facts/Marijuana_FY16.pdf).

That this Court should consider these developments with respect to marijuana is not only fair, but also consistent with other federal district courts faced with similar circumstances to this case. For example, in *United States v. Dayi*, 980 F. Supp. 2d 682 (D. Md. 2013), a district court issued an opinion in a federal marijuana case imposing a sentence significantly shorter than the Sentencing Guidelines' range due to modern views on marijuana. In a sentencing memorandum relating to 22 defendants involved in a "large-scale, interstate conspiracy to distribute marijuana and, with regard to certain defendants, a conspiracy to launder the proceeds" *Id.* at 683, Judge Bredar concluded that the "seriousness of violations of federal marijuana laws has been undercut by (1) recent state enactments decriminalizing, legalizing, and regulating not only the possession of marijuana but also its cultivation, distribution, and sale, and (2) the federal government's expanding policy of non-enforcement." *Id.* at 688.

According to Judge Bredar, developments suggest that the federal Sentencing Guidelines for marijuana cases overstate the seriousness of the underlying offenses. *Id.* at 689. Judge Bredar also concluded that these developments could create unwarranted disparities in sentencing for people who have been convicted of marijuana offenses. *Id*. Specifically, Judge Bredar noted that a marijuana enterprise that might be prosecuted in some states would not be prosecuted if it were conducting business in a state where marijuana was legal. *Id*.

Ultimately, based on these considerations, Judge Bredar concluded that a downward variance from the Sentencing Guidelines range was appropriate. *Id.* at 690. This Court should make a similar conclusion, and should sentence Anderson to 120 months in prison—which itself represents a *significant* sentence.

### B. Anderson was Harmed by the Conduct of his Prior Counsel and this United States Attorney's Office

As was extensively litigated prior to trial, Anderson was represented by prior counsel who acted improperly and with conflicts of interest, both before and after Anderson was indicted. Moreover, Anderson asserted that the Government was aware of this impropriety. Although this Court ultimately concluded that the conduct of Anderson's prior attorneys and the conduct of the Government was not so outrageous that it required dismissal of the indictment, this Court did conclude that "the case presented 'some troubling ethical issues[.]'" (Doc. 602) (quoting Baker, J. Doc. 483).

Because of the "troubling ethical issues" that permeated Anderson's case, this Court should determine that a downward variance is warranted based on the unique circumstances presented in this case.

### C. Other 3553(a) Factors

18 U.S.C. § 3553(a)(1) mandates consideration of the "history and characteristics of the defendant[.]" Anderson is 31 years old and does not have a significant criminal history. Anderson was diagnosed with ADHD while in middle school and was prescribed Adderall. (Doc. 1071 at ¶ 93). Anderson has also reported that he suffers from anxiety and suicidal thoughts. (*Id.* at ¶¶ 94-95). He maintains excellent relationships with his family and his parents continue to express support for him and describe him as being well-liked, compassionate, and overly trusting. (*Id.* at 88). His family appears ready, able, and willing to provide support for Anderson when he is released from custody.

This Court must endeavor to fashion a sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to

protect the public from future crimes. 18 U.S.C. § 3553(a)(2). A sentence of 120 months in prison readily accomplishes these sentencing objectives.

With a ten-year sentence to federal prison, Anderson will suffer the consequences of his crimes for the rest of his life. The ramifications of supervised release, and the corresponding limitations on his freedom are intrinsically punitive and, in some ways, actually worse than jail. The less time Anderson must spend in prison, the more time he will have to work towards becoming a productive member of society.

### V. Conclusion

As the age-old adage goes, "justice must be tempered with mercy." Anderson accepts that he is before this Court because his convictions require a penalty. That is justice. But Anderson also appeals to this Court's discretion to temper that justice with mercy. To sentence Anderson consistent with the PSR's calculation of the Sentencing Guidelines would subject Anderson to significantly more time in prison than other similarly situated individuals.

At only 31 years old, even a ten-year sentence would give Anderson the opportunity to lead a law-abiding life. He is a good person who finds himself before this Court facing a substantial sentence in light of the mandatory minimum. In asking this Court for "mercy," Anderson is accepting that a sentence of ten years would constitute the most significant sentence in this case and a far more significant sentence than the national average for similar crimes as empirically calculated by the Sentencing Commission. Anderson is a criminal history category I who stands before this Court for marijuana-related activity—nothing more. There is no justice in sentencing Anderson to decades in federal prison as the Government requests.

For all the reasons stated above, this Court should sustain Anderson's objections to the PSR and should grant his motion for a downward variance, and should sentence Anderson to 120 months in prison followed by a term of supervised release.

Respectfully submitted,

*/s/ JUSTIN K. GELFAND*
JUSTIN K. GELFAND, #62265
WILLIAM MARGULIS #37625
Attorneys for Defendant Anderson
7701 Forsyth Blvd., 12th Floor
St. Louis, MO 63105
Telephone: (314) 505-5404
Facsimile: (314) 505-5405
gelfand@capessokol.com
wmargulis@capessokol.com

**Certificate of Service**

I hereby certify that I filed the foregoing through the Court's CM/ECF system which will provide notice of filing to all counsel of record.

*/s/ JUSTIN K. GELFAND*
JUSTIN K. GELFAND, #62265
WILLIAM MARGULIS #37625
Attorneys for Defendant Anderson
7701 Forsyth Blvd., 12th Floor
St. Louis, MO 63105
Telephone: (314) 505-5404
Facsimile: (314) 505-5405
gelfand@capessokol.com
wmargulis@capessokol.com