UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:14 CR 246 AGF (NAB) |
| ) | |
| THOMAS GREGORY ANDERSON, Jr., ) | |
| ) | |
| Defendants. ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO OVERTURN CONVICTION AND REQUESTS
CLARIFICATION REGARDING PREVIOUS ORDER TO COMPEL**

Comes now the United States of America by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri and John T Davis, Assistant United States Attorneys for said District, and responds to Defendant's Motion to Over Turn [*sic*] Conviction (Doc. 1161) and, in addition, seeks clarification regarding this Court's previous Order to Compel as follows:

**Introduction**

On April 24, 2018, this Court granted in part, and denied in part, Defendant's Motion For New Trial And Motion For AT&T To Disclose Telephone Records. (Doc.1133)   Of relevance to Defendant's instant motion, the Court's order required AT&T to produce records of Defendant's telephone from September 11, 2014 to September 20, 2014 and allowed the Defendant the opportunity to inspect the cellular phone personally.

**AT&T Records**

In response to the Court's order regarding the production of documents from AT&T, the

1

Government consulted with AT&T and subsequently served an administrative subpoena on AT&T for the records requested. The Government provided those records to Defendant through counsel who, at that time, represented Defendant.

Defendant's instant motion complains that the records Defendant received from the administrative subpoena served on AT&T were insufficient in that they omitted "any and all programs that were used under Section 702." (Defendant's Motion p. 1) Defendant accuses the Government of ignoring the Court's order by not supplying Section 702 records.   Defendant cites in his motion a statement he made in open court at the January 12, 2018 hearing on the Motion to Compel wherein he states "….the motion to compel was also specifically seeking particular programs that are established at AT&T for Section 702, collection of surveillance."

Presumably, Defendant is referring to Section 702 of the Foreign Intelligence Surveillance Act (FISA) that, in short, allows for collection of foreign intelligence from non-Americans located outside the United States.   Defendant is wrongly convinced that the Government obtained a court order from a FISA Court for surveillance of his cellular phone. Defendant further believes the Government is purposefully withholding release of any such order(s) in an effort to hide their own wrongdoing.

Defendant is in possession and any and all electronic monitoring or surveillance of the target phone.

### Inspection of Target Phone

Regarding the portion of the Court's Order concerning inspection of the phone itself, the Order stated in pertinent part:

> The Court will also permit Defendant to examine the Target Phone itself.   The parties are directed to attempt to agree to procedures for such examination that will safeguard the

current state of the device and make proper disclosure of any information to both parties.   (Doc.1133 p. 12)

Less than a week following this Court's Order, on April 30, 2018, the United States Eighth Circuit Court of Appeals issued the briefing schedule as to Defendant's appeal. Then, on June 25, 2018, this Court granted defendant's motion to proceed Pro Se and previous counsel was allowed to withdraw.   Similarly, Defendant opted to proceed Pro Se in the Eighth Circuit.

On July 13, 2018, Defendant filed in the Eighth Circuit a request for additional time to file his appellate brief and attached a copy of a letter that was mailed to AUSA Sirena Wissler. (Attachment #1)   The letter seeks Ms. Wissler's assistance in making the cellular phone in question available to Defendant so he can deliver it to an unidentified forensic expert.   It appears to be the positon of Defendant that his appellate brief cannot be completed and filed until the forensic expert inspects the cellular telephone. The Government surmises that Defendant expects to find evidence of the FISA court ordered surveillance from a forensic examination of the phone.   However, no such evidence exists as the Government neither sought, nor obtained, such an order.   Again, the Defendant is in possession of all orders pertaining to electronic surveillance of that particular device.

Complicating arrangements for personal inspection of the device is the fact that Defendant is incarcerated with the Bureau of Prisons and has no counsel.   This Court's previous order could not have foreseen Defendant's election to proceed Pro Se, which now makes inspection of the phone by the Defendant difficult if not impossible.   Further, this Court's order did not require the device to be turned over to the Defendant for forensic examination by an outside party.

3

**Conclusion**

THEREFORE, the United States respectfully requests Defendant's Motion to Overturn Conviction be denied.   Further, the Government seeks clarification from this Court as to how to proceed regarding the letter from Defendant to AUSA Wissler attached hereto.

>Respectfully submitted,
>
>JEFFREY B. JENSEN
>United States Attorney
>
>*s/ John T Davis*
>John T Davis, #40915MO
>Assistant United States Attorney
>111 South 10th Street, 20th Floor
>St. Louis, MO 63102
>(314) 539-7607

**CERTIFICATE OF SERVICE**

I hereby certify that on August 10, 2018, the foregoing was filed electronically with the Clerk of the Court.   I further hereby certify that on August 10, 2018, the foregoing was deposited for mailing via United States Postal Service to the following non-participant in Electronic Case Filing:

Thomas Gregory Anderson
#41952-044
USP Marion
U.S. Penitentiary
P.O. Box 1000
Marion, IL 62959

>*s/ John T Davis*
>Assistant United States Attorney

4